ELLIS, Judge.
This suit was originally a proceeding to-enjoin the defendant from blocking a public road. It was before us when the defendant appealed from a judgment rendered by the District Court on the merits, the cause *701 being before the lower court at that time for a hearing on a rule nisi to show cause why a preliminary injunction should not issue. We remanded the cause, Elum v. Kling, La.App., 90 So.2d 881, for the reasons and authorities therein expressed.
Exceptions were overruled, answer filed and a trial had upon the merits, when it was stipulated the testimony taken on the rule nisi could be used and submitted together with any additional testimony offered by the parties.
In the answer the defendant denied the road was a public one, and alternatively, alleged that if the Court found that it was, that then the Police Jury of the Parish of Ascension should be made a party defendant and condemned to pay the defendant the sum of $1,500. The said Police Jury filed an exception of no right or cause of action, which was sustained.
Judgment was rendered in favor of the plaintiffs against the defendant, enjoining him from obstructing or blocking the road in question or from interfering in any manner with the plaintiffs or the public generally in the use of said road, from which judgment an appeal has been taken.
The only question presented by the exception filed upon behalf of the Police Jury of the Parish of Ascension is whether the defendant in this type of suit is entitled to invoke the provisions of LSA-Revised Statutes 13:3381, known as the Third Party Practice Act. It reads:
“In any civil action presently pending or hereafter filed the defendant in a principal action may by petition bring in any person (including a co-defendant) who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
“In such cases the plaintiff in the principal action may assert any demand against the third-party defendant arising out of the transaction or occurrence that is the subject of the principal demand. The third-party defendant thereupon shall plead his objections and defenses in the same manner as prescribed for an original defendant in any ordinary action and may reconvene against the plaintiff in the principal action or the third-party plaintiff, on any demand arising out of the transaction or occurrence that is the subject matter of the principal demand, in the manner prescribed for reconventional demands. Acts 1954, No. 433.”
Of course it cannot be said the Police Jury was a warrantor of the defendant, so the only ground upon which the exceptor could be called under this Act would be that he was or might be liable to the defendant upon the principal demand. This demand was for judgment against the defendant to prohibit him from blocking and obstructing a public road. It seems clear the Police Jury could not be liable under this demand.
In Bourree v. A. K. Roy, Inc., 232 La. 149, 94 So.2d 13, 15, our Supreme Court held a third party action could not be maintained where the alleged indebtedness of the third party to the defendant did not arise out of or have any causal connection with the principal demand. The Court, under facts similar to those found here, stated, “This case presents a classic example of an attempt to make an improper use of the statute and we think that the Levy Board’s exception of no right of action should have been sustained.” The principal demand in the Bourree case was for the recission of a contract of sale by reason of the defendant’s admitted inability to maintain plaintiff in possession, and further, because a warranty to convey clear title had been breached.
The District Court properly sustained this exception.
As we see it, this case can be decided solely upon the question of whether tire road in question has become a public one by reason of its having been “ * * * kept up, maintained, or worked for a period of three years by authority of any parish governing authority ***'”.
*702 LSA-R.S. 48:491 provides:
“All roads in this state that are opened, laid out, or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in its respective parish, or which have been or are hereafter kept up, maintained, or worked for a period of three years by authority of any parish governing authority in its parish, shall be public roads. Also, all roads made on the front of their respective tracts of land by individuals when the lands have their front on any of the rivers or bayous within this state shall be public roads.”
The lower court accepted as true testimony of Mr. Hymel and Mr. Berteau to the effect that they were employed by the Police Jury of Ascension Parish and they did actual work on the road in question as employees of said Police Jury and that they have worked and maintained this road for a period of fifteen years or more. The road supervisor of the Police Jury for four years prior to the filing of the petition herein, stated he had personal knowledge the road has been worked during that time.
Mr. Geismar, President of the Ascension Parish Police Jury, was called as a witness for the defendant, and he testified that formerly the portion of the tract in question was a dummy line constructed for the purpose of transporting sugar cane from various' farms in the vicinity, but that the rails were removed in 1938 and at that time a Parish road machine went in and worked what forms the present road. He further stated the road had been worked well into the vicinity where the plaintiffs live but that it certainly had been worked far past the tract in contention here.
The defendant himself, and all of his witnesses, admitted the road in question had been worked by the Police Jury at various times but the defendant attempted to show the road had never been worked by the Police Jury for a period of three consecutive years. The District Court discounted their testimony, stating he was not impressed by it.
The defendant also introduced in evidence photographs showing a road through his property. These pictures were taken in March of 1957, some few days prior to the trial, and they show some grass and weeds growing on the road. The evidence discloses a gate was built in June or July of 1955 by the defendant and since that time the Parish grading machines were unable to get through it in order to work the road. Consequently, the road had not been worked for about twenty months at the time of the trial and thus the pictures are not telling evidence.
The District Judge found the evidence to be abundantly clear that the Police Jury had worked and maintained the road for a period far in excess of the three year period required by law and that the record further disclosed public funds had been expended to build a bridge across a bayou on the road. Further, that for a period of at least fifteen years prior to June or July of 1955, when the defendant obstructed the road by building a gate across it, it had been worked without any objection by the defendant or anyone else.
We agree with the conclusions of the lower court and find no manifest error.
In a similar case we had occasion to pass upon this question, White v. Kinchen, La. App., 94 So.2d 497, 501. There it was sought to enjoin interference with plaintiffs’ rights of ingress and egress to certain camp sites, and particularly to enjoin an obstruction of the defendant of a road way alleged to be public in character. We concluded the case fell within the holding of the Supreme Court in Porter v. Huckabay, 221 La. 120, 58 So.2d 731, and Fontenot v. Veillon, La.App., 72 So.2d 587, saying:
“We believe that the testimony adduced by the plaintiffs’ witnesses shows without a doubt that the road was kept up by the Police Jury for a period in *703 excess of three years and the testimony of the defendant’s witnesses does not controvert this testimony. The fact that the road had not been worked since the defendant acquired the property in 1953 is immaterial.”
In Fontenot v. Veillon, supra, we held certain roads were public by virtue of their having been maintained by a Police Jury for a period of over three years, even though the Police Jury had no written right-of-way nor was there ever any resolution adopted declaring the roads to be public. The fact the defendant had spent some of his own money on the roads and had kept gates across them was immaterial. To the same effect was the Porter case, supra, where our Supreme Court applied LSA-R.S. 48:491, supra, despite the fact that defendant had spent his own money in maintaining the road and had kept gates across it, public funds having been expended in working and maintaining the road.
There is no necessity for a formal dedication of a right-of-way for a road to become public. Mere “tacit dedication” is sufficient. See Goree v. Midstates Oil Corporation, 205 La. 988, 18 So.2d 591 and Bell v. Tycer, La.App., 97 So.2d 448.
Counsel for the appellant in a supplementary brief, states he gained the impression this court might be of the view that the mere use of a road by the public without protest by the owner of the land -may have the effect of a tacit dedication. He submits that such would not be the result whether the owner protested or not, citing the case of Bomar v. City of Baton Rouge, 162 La. 342, 110 So. 497. We have never been of such impression in those cases where there was no dedication of any kind and the complete absence of any action by public authorities in laying out or working a road. The facts in the Bomar case show there was an absence of any laying out of a road or any work or maintenance done thereon. The Supreme Court, 110 So. at page 499, said:
“An entirely different situation might be presented if said owners had stood by and without opposition permitted the public authorities to lay out the road and to work the same as a public road.”
The Bomar case is inapposite since in the present case the evidence discloses there was actual work done by the Police Jury and public funds spent.
Counsel for the appellant maintains the present case is “on all fours” with Bordelon v. Heard, La.App., 33 So. 88. In the Bordelon case it was held that the occasional grading of a road for the mere convenience of certain land owners did not constitute the necessary working and maintanence of a road sufficiently to establish it as a public road, and also a question of abandonment was involved in that case, which is not entered into in the present case. The contention in the present case is that all that has been done by the Police Jury was an occasional fixing of the road.
Counsel for defendant has raised a further question viz., that insofar as the record before us is concerned the defendant is at best a co-owner of the tract and that we are, in effect, decreeing the road “a public road” in a proceeding in which all the land owners affected are not represented! This is a suit for an injunction against the party who placed an obstruction across what is alleged to be a public road under and by virtue of the provision of LSA-R.S. 13 :3381. While it is necessary for the court to find from the facts that the road in question was public at the time the obstruction was placed across it before an injunction could issue, the suit is one simply seeking to restrain a specific defendant who it is alleged had obstructed passage over the public road. Title or ownership of the land is not an issue raised by the pleadings. In fact, defendant -by his third party petition against the Police Jury tacitly claimed ownership but alleged that if the private property were taken for public purposes then the Police Jury “being liable to de *704 fendant for the taking of said property”, there should be a judgment in favor of defendant for the value of the property.
Finding no manifest error in the facts relied upon by the Lower Court the judgment appealed from which enjoined the defendant from obstructing a public road is hereby affirmed at appellant’s costs.