101 So.2d 462 (1958)
Marvin E. CURTIS, Plaintiff-Appellee,
v.
Fred J. GOEBEL et ux., Defendants-Appellants.
No. 4574.
Court of Appeal of Louisiana, First Circuit.
March 17, 1958.
Erlo J. Durbin, Denham Springs, for appellant.
J. Douglas Nesom, Robt. S. Mellon, Denham Springs, for appellee.
TATE, Judge.
Plaintiff Curtis sought and obtained judgment declaring to be a public road an outlet from his 61-acre tract across defendants' home place to the blacktopped highway about 900' feet north of plaintiff's land. Defendants were further enjoined from interfering with plaintiff's peaceful use of said outlet road, they having padlocked a gate at the entry to it from the highway shortly before this suit was filed.
Defendants appeal this adverse judgment.
The sole question before this court concerns whether the trial court erred in holding that this outlet passageway had been tacitly dedicated to public use under LSAR.S. 48:491, which pertinently provides that "All roads * * * kept up, maintained, or worked for a period of three years by authority of any parish governing authority in its parish, shall be public roads."
Plaintiff produced the testimony of the two police jurors who had consecutively represented the ward in which the road in *463 question was situated during the period from 1932 to date, and of the parish road superintendent or graderman during that entire period. These witnesses testified that since at least 1932 the parish grader had worked the road, the estimates varying from once every two or three years to three or four times a year. Their testimony showed that two or three years before the present suit, parish employees as directed by the ward police juror had ditched the road and had built a bridge over a canal which it crossed.
Defendants' witnesses did not controvert this testimony but merely testified that they themselves had not seen the parish grader working the road. Defendants themselves corroborated the further testimony of plaintiff's witnesses that about a year before the suit two loads of parish gravel had been placed from the blacktop highway to defendants' home, which was 660 feet south thereof. (Defendants testified they did not request such parish help, nor did they protest it. It is argued that such furnishing of parish materials was in the nature of a personal or political favor, rather than being a working or maintenance.)
We think the evidence supports the District Court's determination that the road in question became a public road under LSA-R.S. 48:491 through maintenance and working by parish employees, as directed by the police jury, for a period well in excess of the three years required by the cited statute.
Counsel for appellants points out that the police jurors and road superintendent testifying could not estimate the total cost to the parish in man-hours and/or money of the maintenance and working involved, including the building of the bridge. The witnesses, in fact, admitted that such expenditure could not have been great, since the outlet passage is chiefly a woods road at the end of which only two or three families lived during the 1930's (the last leaving in 1942), but along which no one but defendants in their recently built home now live. (Plaintiff's tract, bought by him three years before suit, is used by him for the raising of cattle.)
Defendants' counsel therefore ably urges that the insubstantial and relatively minor outlay of public monies and equipment could not convert this woods trail into a public road.
However, we think that although no very large amounts of public funds were spent upon the road in question, nevertheless the police jury's contribution over the requisite period of time was sufficient to constitute a maintenance and working thereof by the public body without objection by the landowner such as under LSA-R.S. 48:491, accomplished the dedication of said way as a public road. Wharton v. City of Alexandria, 226 La. 675, 77 So.2d 1; Porter v. Huckabay, 221 La. 120, 58 So.2d 731; Elum v. Kling, La.App. 1 Cir., 98 So.2d 700; White v. Kinchen, La.App. 1 Cir., 94 So.2d 497.
Further, with regard to the nature of the roadway in question, such public contribution to its upkeep was substantial: the evidence indicating that such parish maintenance as was furnished to the roadway constituted actually the major maintenance or working thereof during far longer than the requisite three years. By reason of this circumstance, among others, the present case is distinguished from Bordelon v. Heard, La.App. 1 Cir., 33 So.2d 88, relied upon by defendants-appellants, where the road was held not to have been dedicated when it had been graded by public equipment just "on a few occasions", 33 So.2d 91, many years before the suit.
For the above and foregoing reasons, the judgment appealed from is affirmed.
Affirmed.