164 So.2d 620 (1964)
Simon L. LATOUR, Plaintiff-Appellee,
v.
Letitia DUPUIS et al., Defendants-Appellants.
No. 1130.
Court of Appeal of Louisiana, Third Circuit.
May 28, 1964.
*621 Mouton, Champagne & Colomb, by Welton P. Mouton, Lafayette, for defendant appellant.
Fournet & Adams, by Robert J. Adams, Lafayette, for plaintiff-appellee.
Before TATE, SAVOY and HOOD, Judges.
SAVOY, Judge.
This suit was instituted to enjoin the defendants from interfering with plaintiff's use of a certain road located in Ward 3 of Lafayette Parish, Louisiana, and particularly the obstruction of the roadway. Plaintiff asked for judgment decreeing the roadway to be a public road and/or a road owing a servitude to plaintiff's property. In the alternative, plaintiff alleged that his land is completely enclosed and there is no way of passage from his land to a public road, except over the existing road in question; plaintiff also prayed that the defendant, Letitia Dupuis, be condemned to grant him a right of passage across this road over her property to the nearest public road.
The defendants filed exceptions of non joinder of necessary parties, and of no right and no cause of action, and then an answer in which they denied that the road in question was public in nature.
In due course, the district court overruled the exceptions and entered judgment in plaintiff's favor, permanently enjoining the defendants from interfering with the public use of the road. The defendants have appealed to this Court.
The road in question extends easterly from Moss Street Extension, outside of Lafayette, in Ward 3 of Lafayette Parish, a distance of approximately one-half mile. From Moss Street Extension, for a distance of approximately 1617.4 feet, it passes over the north fifteen feet of property owned by defendant, Letitia Dupuis. Plaintiff owns land on the north side of the road, measuring 260 feet along the road, by a depth of 712 feet. Plaintiff's land lies north of Letitia Dupuis' land, but some distance to the east of Moss Street Extension, and is enclosed by land owned by others, not parties to this lawsuit, on the west, north and east. After the road passes the property of plaintiff and extends beyond the land of defendant, Letitia Dupuis, it continues over the north portion of land owned by Martha Dupuis Dugas, wife of the other defendant, Paul Dugas, until it dead ends at a cattle guard just short of reaching the house occupied by Mr. and Mrs. Dugas.
Plaintiff purchased his property on December 17, 1959, and used the road in question for access to his property until January 7, 1961, when Paul Dugas, acting under instructions from Letitia Dupuis, erected a gate which was padlocked across the roadway at a point near Moss Street Extension. Paul Dugas had forwarned plaintiff of his intentions to so obstruct the road if plaintiff persisted on using it for access to his property.
The main dispute in the evidence involves whether the Police Jury of Lafayette Parish maintained the road for a period of three years so as to make applicable LSA-R.S. 48:491, which provides for tacit dedication of roads to public use. The pertinent portion of this act reads as follows:
"All roads or streets in this state * * which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. * * *" *622 Defendants urge that the district court erred in overruling the exception of non joinder of indispensable parties. In this connection, it is noted that the suit is directed against only one of the owners of the roadway, Mrs. Letitia Dupuis, and that the other defendant, Paul Dugas, had no interest in the land over which the road passes. The evidence also shows that Robert Breaux owns property on the road next to Moss Street Extension, acquired from his mother, Letitia Dupuis. After the road passes to the east of Mrs. Letitia Dupuis' property, it passes over land owned as separate property by Mrs. Martha Dupuis Dugas. In addition to the two other parties, defendants maintain that the Police Jury of Lafayette Parish should be made a party to this action.
We do not agree that these persons are indispensable parties in this action. This suit involves simply an injunction against the two named defendants. While it was necessary for the court to find from the facts that the road in question was public at the time the obstruction was placed across it before an injunction could issue, the suit only seeks to restrain the named defendants from placing obstructions across a road alleged to be public. The title or ownership of the land is not an issue raised by the pleadings. Accordingly, we find that the issue of whether or not the road was a public one did not require the joining of additional parties defendants, against whom the injunction was not issued. See Elum v. Kling, (La.App., 1 Cir., 1957), 98 So.2d 700.
The exceptions of no right and no cause of action are based partly on an allegation in plaintiff's petition that he appeared before the Police Jury of Lafayette Parish for relief, and the police jury refused to take any action to afford plaintiff a passageway to his property, and refused to designate the road in question as a public road. The record also shows that a committee was appointed to investigate this road on behalf of the police jury. The committee found the road to be only fifteen feet wide, and the committee concluded that the police jury should not acknowledge the road to be a public road. The committee's decision was accepted and approved by the police jury on August 25, 1960, and again at a hearing on January 12, 1961. Also introduced in evidence was a letter from the secretary of the police jury dated in May of 1954, addressed to plaintiff's author in title, advising him that the road in question was a servitude road of only fifteen feet, and that it belonged to Mrs. Paul Dugas and Letitia Dupuis. The decision of the police jury was evidently to conform with an ordinance it adopted May 28, 1953, which sets forth the standards and requirements of roads of Lafayette Parish. One of the provisions requires that all roads shall be at least forty feet in width.
Although the police jury may have refused to accept the road as a public road by its action on August 25, 1960, and on January 12, 1961, yet the plaintiff's petition states a cause of action and right of action if the road had previously become a public road under the provisions of LSA-R.S. 48:491. It is not contended, nor does the record show, that the procedure conducted by the police jury constituted a lawful method for abandoning a public road.
On the merits, the sole question before this Court is whether the trial court erred in holding the fifteen-foot roadway in question had been tacitly dedicated to public use under LSA-R.S. 48:491.
After reviewing the record in this case, we find the evidence supports the decision of the district court that the road in question had been maintained for a period well in excess of three years by authority of the police jury as contemplated by the act.
Plaintiff produced the testimony of three police jurors who consecutively represented the ward in which the road is situated from 1944 to 1960, and also a graderman who worked the road during the time 1944 to 1948. These witnesses *623 testified that the parish graders worked the road regularly, and the estimates varied, but generally ran from two to three times a year. The work was done with the knowledge and direction of the police jury in charge of the ward. Defendant, Paul Dugas, admitted that the parish graders had worked the road once or twice a year and had put gravel on the road on one occasion. He had asked two of the police jurors to help with the road if they got a chance. Frank J. Breaux, police juror from 1956 to 1960, testified the road was in fairly good condition when he went into office. He testified he had coffee with Paul Dugas and his wife, Martha Dupuis Dugas, and was asked to help with the road. He had two or three loads of gravel placed on the road on one occasion. There was also testimony that the parish workmen customarily trimmed the branches of the trees in the ditches on the side of the road at the times the road was graded.
Defendants' witnesses did not controvert this testimony, but, in fact, supported it. However, it was shown that the defendants considered the road to be a private one, and also helped maintain the road to a degree. The defendants considered that the furnishing of parish labor and materials was in the nature of a personal favor rather than being a working or maintenance of the road.
It is clear, however, that the defendants, as well as Martha Dupuis Dugas, were aware of the help by the parish, and no one entered a protest.
Although the maintenance by the police jury did not amount to a large outlay of labor or materials, the evidence shows that the parish contributed the major portion of the maintenance or working of the road for a period in excess of three years.
In the case of Curtis v. Goebel, (La.App., 1 Cir., 1958), 101 So.2d 462, the court had occasion to discuss LSA-R.S. 48:491, and made the following observation in connection therewith, to-wit:
"Counsel for appellants points out that the police jurors and road superintendent testifying could not estimate the total cost to the parish in man-hours and/or money of the maintenance and working involved, including the building of the bridge. The witnesses, in fact, admitted that such expenditure could not have been great, since the outlet passage is chiefly a woods road at the end of which only two or three families lived during the 1930's (the last leaving in 1942), but along which no one but defendants in their recently built home now live. (Plaintiff's tract, bought by him three years before suit, is used by him for the raising of cattle.)
"Defendants' counsel therefore ably urges that the insubstantial and relatively minor outlay of public monies and equipment could not convert this woods trail into a public road.
"However, we think that although no very large amounts of public funds were spent upon the road in question, nevertheless the police jury's contribution over the requisite period of time was sufficient to constitute a maintenance and working thereof by the public body without objection by the landowner such as under LSA-R.S. 48:491, accomplished the dedication of said way as a public road. * * *" (Citations omitted.)
"Further, with regard to the nature of the roadway in question, such public contribution to its upkeep was substantial: the evidence indicating that such parish maintenance as was furnished to the roadway constituted actually the major maintenance or working thereof during far longer than the requisite three years. By reason of this circumstance, among others, the present case is distinguished from Bordelon v. Heard, La.App., 1 Cir., 33 So.2d 88, relied upon by defendants-appellants, where the road was held not to have *624 been dedicated when it had been graded by public equipment just `on a few occasions', 33 So.2d 91, many years before the suit."
Defendants maintain that the work on the road by the parish amounted to nothing more than an occasional brushing of a pathway and was not a working or maintenance within the meaning of the statute, and cited the case of Bordelon v. Heard, supra. The case before us on appeal is distinguishable from the Bordelon case, supra, as in the present case the maintenance of the road by the police jury constituted the major maintenance of the road for a period of considerably more than three years, and continued until shortly before suit was filed, so as to constitute a working and maintenance of the road within the meaning of the statute.
For the reasons assigned, the judgment of the district court is affirmed, with all costs of this appeal assessed to appellants.
Affirmed.