h GASKINS, Judge.
This appeal arises from a trial court judgment granting a preliminary injunction in favor of the Village of Dodson to prevent the defendant, Billy J. Hill, from obstructing a street and alley. We affirm.
FACTS
In the Village of Dodson, Louisiana, a section of Garr Street runs east/west near the Arkansas Southern Railroad tracks. At issue in the present case is a section of Garr Street lying between the railroad tracks on the west and Third Street or Highway 167 on the east. It is bordered on the north by Block 22 and on the south by Block 5. Specifically, lots 6 through 10 of Block 22 lie on the northern boundary; these lots are owned by the defendant, Billy J. Hill. To the south are lots 1 and 6 of Block 5; an alley between these two lots bisects the block. Members of the Kornegay family reside on lot 1 of Block 5. According to documents admitted at trial, the land upon which Garr Street lies is owned by the family of D.W. White.
On November 16,1995, the Village of Dodson filed a petition for preliminary and permanent injunctions to prohibit the defendant from obstructing Garr Street with a fence and blocking the alley bisecting Block 5 with dilapidated cars. The plaintiff asserted that the defendant had refused requests to remove the obstructions, which interfered with the right of citizens to use the streets and alleys. In response, the defendant filed an exception of improper use of summary proceedings, in which he claimed that the plaintiff was asserting a petitory action and was thus not entitled to summary proceedings. He also filed an answer and reeonventional demand. In his reeonventional demand, he *628 asserted a possessory action on the basis that he had been in continuous and open possession of the property in question for more than one year.
laTrial was held on December 15,1995. At the outset, the trial court overruled the defendant’s exception of improper use of summary proceedings. On April 9, 1996, the trial court issued written reasons for judgment. The court found that Garr Street had been maintained by the Village of Dodson for several years and that the defendant had no title to it. Due to the implied dedication of the street to the Village of Dodson, the preliminary injunction was granted. In the judgment, the defendant was specifically prohibited from interfering with the village’s jurisdiction over and the public’s free use of Garr Street and the alley bisecting Block 5. To that end, he was ordered to remove all obstructions from the village’s streets and alleys. Costs were assessed against the defendant.
The defendant appealed.
LAW
Louisiana courts have recognized four modes of dedication to public use: formal, statutory, implied and tacit. St. Charles Parish School Board v. P & L Investment Corporation, 95-2571 (La.5/21/96), 674 So.2d 218.
Implied dedication and tacit dedication are two categories of informal dedication. Jackson v. Town of Logansport, 322 So.2d 281 (La.App. 2d Cir.1975). A dedication by implication consists of the assent of the owner, use by the public, and maintenance by the municipality. Courts have found an implied dedication when the owner of a tract of land subdivides it into lots, designates streets or roads on a map, then sells the property or any portion of it with reference to the map. An implied dedication established a servitude of public use. St. Charles Parish School Board v. P & L Investment Corporation, supra., and cases cited therein.
A tacit dedication of a strip of land for use as a public road occurs when the requirements of La.R.S. 48:491 are met. In pertinent part, that statute provides:
JgB. (l)(a) All roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property.
If a road is maintained for a period of three years by authority of the parish governing authority, the public acquires a servitude of passage by tacit dedication. Robinson v. Beauregard Parish Police Jury, 351 So.2d 113 (La.1977); St. Charles Parish School Board v. P & L Investment Corporation, supra. Token maintenance or an occasional brushing up of a road is insufficient to establish a tacit dedication for public use. St. Charles Parish School Board v. P & L Investment Corporation, supra.
Deciding whether a road is public or private is a factual decision. IP Timberlands Operating Co. v. DeSoto Parish Police Jury, 552 So.2d 605 (La.App. 2d Cir.1989).
DISCUSSION
As noted above, there are two forms of informal dedication, implied and tacit. Although the trial court referred to an implied dedication in its written reasons, it also mentioned the village’s maintenance of the road. Thus, we believe that the trial court actually found a tacit dedication.
We hold that the evidence supports a finding that the governing authority sufficiently maintained the road for at least a period of three years as required under the statute for a tacit dedication. While the evidence indicates that there was some maintenance to the area by the persons living on both sides of the road, we find that the major maintenance was provided by the plaintiff and that this maintenance was more than “token.” Additionally, those living on this portion of|4Garr Street had actual knowledge *629 of the work, and the defendant had made several requests of the village to provide maintenance.
Although we find that the record more strongly supports a finding of a tacit dedication, we note that the evidence also supports a finding of an implied dedication. The property in close relation to Garr Street, including that owned by the defendant, has long been sold by reference to recorded plats and surveys upon which the area at issue is designated as “Garr Street.”[1]
The defendant essentially controverts the village’s suit with a possessory action, contending that he has had possession of the land upon which Garr Street rests. In this argument, he also fails. The defendant does not assert he is the owner of the property composing Garr Street, and the evidence demonstrates that it is owned by the family of D.W. White. While the evidence shows that the defendant has title to the property north of the road, it does not establish that he has had possession of the Garr Street property that was “continuous, uninterrupted, peaceable, public and unequivocal” for one year. See La.C.C. Arts. 3422 and 3476. By the defendant’s own admission, the present fence was of recent construction; a fence built the previous year had been torn down almost instantly by the Komegays, who, as members of the public, continued to use Garr Street on a regular basis.
The defendant requested, should an informal dedication be found by this court, that we limit the actual area covered by the servitude. On the record before us, we find insufficient evidence to do so.
^CONCLUSION
The judgment of the trial court granting the preliminary judgment in favor of the plaintiff, Village of Dodson, is affirmed. Costs are assessed against the defendant/appellant, Billy J. Hill,
AFFIRMED.

. Admitted into evidence were recorded plats of the area from 1900 which showed Garr Street. A 1905 act of recognition of boundary line by landowner W.H. Mann specifically referred to Garr Street and recognized the correctness of the south boundary line in the plat. In a 1929 act of sale, W.H. Mann sold property in Block 22 and the land upon which Garr Street rested to D.W. White; once again there was specific reference to the recorded plat and Garr Street. Even the documents pertaining to the acquisition of property in Block 22 by the defendant and his family refer to a 1959 survey which showed Garr Street.