Dear Mr. Shealy:
This office is in receipt of your request for an opinion for the Union Parish Police Jury in the following cases.
 1. Is it proper for the police jury to revoke the dedication of an existing public road where they believe it is no longer needed for a "public purpose"?
 2. What happens to the existing public road when dedication is properly revoked?
 3. What are the rights of landowners in scenarios 4 
5 where dedication of existing public road is revoked?
First, LSA R.S. 48:491B(1)(a) declares all roads to be public if maintained by the public body with tacit permission of the owner for at least three years. The courts have held that maintenance of a road by a police jury for three continuous years gives rise to a `tacit dedication' thereof to public use by its owner. Frierson v. Police Jury of CaddoParish, 160 La. 957, 107 So. 709 (1926).
The courts have consistently applied this statute to roads maintained by a public authority, even when no real public purpose is servedthereby, as when only one person or family utilizes the road as a driveway to his property. Curtis v. Goebel, 101 So.2d 462 (La.App. 1 Cir. 1958). The same has been held true when the police jury itself refuses to recognize the road as public. Latour v. Dupuis, 164 So.2d 620
(La.App. 3 Cir. 1964).
With regard to your first question: Regardless of the type of dedication, a parish or municipal governing authority may revoke the dedication of all streets, roads and alleyways that have been abandoned and are no longer needed for public use. La.R.S. 48:701.
The real question raised under these circumstances is: "When is a public thoroughfare no longer needed by the public?" This decision is generally left to the discretion of the local public authority but that body cannot act in an arbitrary or capricious manner in deciding a road to be abandoned. Jeffries v. Police Jury of Rapides Parish, 53 So.2d 157
(La.App. 2nd Cir. 1951).
As such, the decision of a municipal governing authority to revoke the dedication of roads and streets which are abandoned or no longer needed for public purposes is a discretionary act under La.R.S. 48:701.
As to that portion of your request, regarding the propriety of that decision based upon hypothetical scenarios, it is the policy of this office not to issue opinions as to the exercise of discretion. This policy is in accord with the decisions of Louisiana Courts, which basically hold that local governing authorities may not be prevented from exercising its discretion to abandon roads or streets; unless they do so arbitrarily or capriciously. See Attorney General's Opinion Number 02-0023.
With regards to your second question regarding revision of title to adjacent landowners, it is clear that title will revert back or fall to those present owners contiguous to the road way if the road bed is owned by the public authority.
Regarding the question of private rights of access vis a vis each other, the contiguous land owners are governed by the Articles of the Civil Code under Article 705 with regards to land locked properties. That article states:
 "The servitude of passage is the right for the benefit of the dominant estate whereby persons, animals, or vehicles are permitted to pass through the servient estate. Unless the title provides otherwise, the extent of the right and the mode of its exercise shall be suitable for the kind of traffic necessary for the reasonable use of the dominant estate"
Also, you should be aware that our office has opined that even purely private roads and highways, used only by certain individuals and not the general public, can become public thoroughfares if they are maintained by the police jury for three years or more. Op. Atty. Gen. No: 81-942, October 16th, 1981.
Therefore it is our office's opinion that even if the public right of way is no longer maintained by the police jury, there still may be some public right of way of passage as a public thoroughfare. However, this is a private right in which we make no opinion as to outcome.
With regards to your third question as to any particular outcome with regards to the scenarios posed by you, we also render no opinion. These are factual determinations best left to courts on a case by case basis.
Hopefully this satisfies your inquiry. If you have any questions please feel free to contact me at the number and address listed herein.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________ BURTON P. GUIDRY Assistant Attorney General
RPI/BPG/rt
DATE REQUESTED: March 1, 2002
DATE RELEASED: May 9, 2002