58 So.2d 731

PORTER v. HUCKABAY.

No. 40280.

March 24, 1952.

Rehearing Denied April 28, 1952.

Gahagan & Pierson, Natchitoches, for plaintiff-appellant.

Bethard & Bethard, Shreveport, for defendant-appellee.

McCALEB, Justice.

This suit involves the status of a certain road running through the plantation of defendant near Red Oak Community in Red River Parish. The road, known as the Huckabay-Wilkinson Road, connects with State Highway 248 and extends a distance of appproximately 1¼ miles to the eastern bank of the old river bed surrounding Porter's Island, which is owned by plaintiff. At that point, it joins another road, known as the Graveyard Road, and extends for about ½ mile along the boundary line between Huckabay Plantation and Porter's Island, running thence southward across the southern end of Huckabay Plantation into the adjoining T. J. Wilkinson property, where it comes to a dead end. Plaintiff, alleging that the road is a public road by virtue of the fact that it has been worked and maintained for many years by the Police Jury of Red River Parish, seeks judicial recognition of it as such and also an injunction prohibiting defendant from obstructing or impeding its use by the general public. And, further asserting that defendant has, since March 31, 1950, locked a gate at the entrance of the road thereby causing him injury, plaintiff claims $450 in damages, together with attorney's fees.

After issue joined by answer of defendant, in which he denied the salient allegations of the petition, the case was heard on its merits and resulted in a judgment denying the relief prayed for. On appeal, the Court of Appeal, Second Circuit, approved and affirmed the judgment. See 50 So.2d 684. We granted certiorari.

Plaintiff's cause of action is founded on Section 491 of Title 48 of the Louisiana Statutes Annotated—Revised Statutes of 1950 (formerly Section 3368, Rev.Stat. 1870, as amended by Act No. 220 of 1914), the pertinent provisions of which read:

"All roads in this state that are opened, laid out, or appointed by virtue of any act of the legislature or by virtue of an order or any parish governing authority in its respective parish, or which have been or are hereafter kept up, maintained, or worked for a period of three years by authority of any parish governing authority in its parish, shall be public roads."

It is plaintiff's contention that the Huckabay-Wilkinson road has been maintained and worked continuously by the Police Jury

of Red River Parish since 1942, when the road was reconstructed with labor and materials furnished and paid for by it. The record reveals that, at that time, the road-bed was elevated and releveled, ditches run and other work performed. Also, in that year, the Police Jury paid for a bridge on the road across Bayou Nicholas costing several hundred dollars and; in 1944, this bridge was refloored by it at an expense of $360. The bridge was washed away in the 1945 flood and, subsequently, the Police Jury used public funds received from the State, on account of the flood disaster, to build a new bridge a short distance north of the old one and to gravel portions of the road, the total cost of the bridge, gravel and culverts amounting to more than $3,000. In addition, defendant was paid $223 in 1946 for work done by him on bridges and culverts located on the road. Apart from these expenditures, equipment of the Police Jury has been used at least twice a year, from 1942 to the date of trial, for the purpose of grading the road or a substantial part of it and, on these occasions, employees of the Police Jury "pulled" the ditches along the road and performed other needful work.

Both the District Court and the Court of Appeal found the foregoing to be the facts respecting the work performed on the road by the Police Jury but nevertheless concluded that they were insufficient to bring the case within the provisions of LSA–R.S. 48:-

491, because it was shown that defendant maintained three gates on the road, one of which, at the entrance of the plantation, had always been closed, and further because other evidence disclosed that defendant had individually worked the road with a grader at certain intervals.

We think that the resolutions of the lower courts are erroneous in view of the uncontradicted evidence that the Police Jury not only reconstructed the road in 1942 but thereafter maintained it over the years, expending substantial sums[1] thereon for labor and materials.

The language of the statute designating a road to be public, in cases where it has been maintained or worked for a period of three years by a parish governing authority, is explicit and unequivocal. The circumstance that defendant maintained three gates is indicative only of his intention to retain control of the road and is without bearing on the question of its upkeep, which was supplied by the Police Jury at his solicitation. Nor can the fact that defendant worked the road on various occasions negate the legal consequence of the long period of maintenance by the Police Jury. He does not show that he spent any appreciable sum on the road; he merely worked it with a grader borrowed from a neighbor at unstated intervals. Indeed, the record makes it apparent that the extra labor performed by defendant, in addition to the grading work supplied by the Police

1. In excess of $4,000 on bridges, $1,000 for culverts and $1,500 for gravel.

Jury, was occasioned by damage done by defendant's stock, which he permitted to pasture on the road during the winter season. At any rate, his personal labor for his own account does not avoid the forced dedication produced by the statute where it is shown, as in this case, that the Police Jury has expended considerable sums in labor and materials for the reconstruction and repair of the road and has substantially maintained it for a period in excess of three years with the full approval of its owner. Frierson v. Police Jury of Caddo Parish, 160 La. 957, 107 So. 709.

The decision in Bordelon v. Heard, La. App., 33 So.2d 88, relied on by the lower courts in reaching an opposite conclusion, is plainly distinguishable on the facts.

In addition to his prayer for an injunction, plaintiff has claimed damages for loss of rent of Porter's Island, loss of use of his truck and attorney's fees. Attorney's fees are, of course, not recoverable and, insofar as the other items of alleged damage are concerned, we regard the proof submitted in support thereof as much too speculative to justify an award.

For the foregoing reasons, the decisions of the District Court and the Court of Appeal are reversed and it is now ordered that there be judgment in favor of plaintiff recognizing the Huckabay-Wilkinson Road to be a public road and the defendant, L. S. Huckabay, Jr., his agents and employees are hereby enjoined from obstructing or blocking the road and from in any manner molesting or interfering with the plaintiff or the public generally in the use thereof. Defendant is to pay all costs.