72 So.2d 587 (1954)
FONTENOT
v.
VEILLON.
No. 3833.
Court of Appeal of Louisiana, First Circuit.
April 26, 1954.
Rehearing Denied May 31, 1954.
Writ of Certiorari Denied July 2, 1954.
E. Herman Guillory, Ville Platte, for appellant.
Tate & Fusilier, Ville Platte, Paul C. Tate, Mamou, for appellee.
LOTTINGER, Judge.
Petitioner, Frank C. Fontenot, filed this suit to restrain the defendant, J. B. Veillon, from interfering with petitioner's use of two public roads leading from Louisiana Highway 570 and 575 across defendant's property to petitioner's property in Sections 13, 14 and 15, Township 3 South, Range 2 East, Louisiana Meridian. A temporary injunction was issued and, after trial, was made permanent.
The petition alleges that the defendant has obstructed two certain roads in Evangeline Parish by constructing fences across same. He askes the court for an injunction, claiming that the said roads are parish roads and have been maintained by the Police Jury for a period in excess of three years, as is required by LSA-R.S. 48:491.
The defendant alleges that the said roads are not parish roads, but are his own private roads. He admits that some help was given him by one of the Police Jurors in maintaining the roads, but claims that such help was not from the Police Jury as a whole.
The lower court held the roads to be parish roads and granted the injunction. The defendant has taken this appeal.
*588 Petitioner's action is based on the provisions of LSA-R.S. 48:491, which provides as follows, to wit:
"All roads in this state that are opened, laid out, or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in its respective parish, or which have been or are hereafter kept up, maintained, or worked for a period of three years by authority of any parish governing authority in its parish, shall be public roads."
The petitioner contends that the said roads were built, or rebuilt, by the Police Jury during about 1945 or 1946. He claims that the Police Jury built a bridge, dynamited stumps, laid culverts and widened the road. Prior to the time that the Police Jury commenced maintaining the said roads, they were merely small paths which had been used for logging. Mr. Theophile Fontenot, who was a police Juror from 1948 until the date of the trial, testified that he maintained the said roads on behalf of the Police Jury until the roads were closed by defendant, some 1½ to 2 years before trial of the matter. The evidence shows that a bridge over a bayou was constructed by the Police Jury, the said bridge being twenty feet wide and eighteen feet in length. There is also evidence in the record that the said road was worked by the Police Jury two or three times a year from about 1945 until the defendant closed the roadways.
The defendant attempted to show that the said roads were private and were not maintained by the Police Jury as parish roads. He admits that certain public funds were used in maintaining the roads, but claims that it was usual for the Police Jurors to help out the individuals in their wards by assisting in the upkeep of private roadways. In support of his contention, the defendant cited Strahan v. Fussell, 218 La. 682, 50 So.2d 805. The said case was a claim in tort resulting from an accident due to a defective bridge. The court, in the Strahan case, held that the practice of a Police Jury of allocating funds to a particular member to be expended in his discretion for the maintenance and repair of roads and bridges was illegal, and the member of the Jury so using the funds acted in his individual capacity and his status as a public official did not exempt him from liability. That case would not apply here as the present case is not in tort.
The facts in the present case are strikingly similar to those presented in Porter v. Huckabay, 221 La. 120, 58 So.2d 731, which was decided by the Supreme Court only a short time ago. In that case, the road had been worked and maintained by the Police Jury for a period of several years. The Police Jury had constructed a bridge and spent considerable funds in keeping up the road. The court held that, despite the fact that defendant had spent some of his own money in maintaining the road and had kept gates across the road, considerable funds had been spent by the public in working and maintaining the road, and, therefore, LSA-R.S. 48:491, applied.
In the instant case, it is clear that the Police Jury did not have a written right-of-way over the roads in question. Nor did it ever adopt a resolution declaring the roads public. We believe, however, that it was clearly shown, by the testimony adduced on trial, that the roads had been rebuilt by the Police Jury, and had been maintained by the said body until the defendant constructed fences across the said roads. That considerable public funds were spent in maintenance of said roads is not even denied by the defendant. It was shown that the maintenance of the said roads was not only due to the desire of one Police Juror, but that several of the Police Jurors showed an interest in the said roads. We find, as did the lower court, that the roads in question have been maintained by the Police Jury for a period in excess of three years, and that the said roads are, therefore, parish roads.
For the reasons assigned, the judgment below is affirmed, all costs of this appeal to be paid by defendant.
Judgment affirmed.