253 So.2d 689 (1971)
Lovelace J. MOUTON, Plaintiff-Appellee,
v.
Eleda BOURQUE et al., Defendants-Appellants.
No. 3620.
Court of Appeal of Louisiana, Third Circuit.
October 22, 1971.
*690 McBride & Brewster, by Reule Bourque, Lafayette, Adam G. Nunez, Lake Charles, for defendants-appellants.
Thompson & Sellers, by Charles M. Thompson, Jr., Abbeville, for plaintiff-appellee.
Before FRUGE, SAVOY and MILLER, JJ.
MILLER, Judge.
Plaintiff Lovelace J. Mouton brought this suit to declare public a 475 foot long north-south private dirt road which traverses the eastern portion of defendants' land located in Vermilion Parish. Defendants are Mrs. Eleda Bourque, the widow of Asa Nunez and the children of their marriage. The trial court held that the road had been maintained or worked for a period of more than three years by the Vermilion Parish Police Jury equipment and it therefore became a public road. LSA-R.S. 48:491.[1]
Defendants appellants contend that the maintenance by the police jury was insufficient to make the road public under the statute. Alternatively, it is contended that the statute is unconstitutional as applied to the facts of this case. We affirm.
Plaintiff farms land adjacent to and south of defendants' property. A northsouth public road terminates at the north end of the disputed road. The disputed road has been in existence for more than 40 years and gates have been located at the north and south ends. These gates were always locked during the winter months, but unlocked, although usually closed, at all other times. When the gates were locked, the key was always available (except after January, 1968) to the ten to fifteen people who worked the tracts to the south.
The disputed road has been graded by various parish grader operators using parish graders for more than thirty years, all at the direction of the police juror who was at the time in charge of the parish grading operations. The road was graded once a year in most year and sometimes as frequently as two or three times a year. During some years the grader did not work the road at all. Some light maintenance of the road was performed by plaintiff and others similarly situated, but the majority of the maintenance was performed by the parish. Ditches were located on either side of the road for more than 30 years. About 1964, the ditches were dragged by the parish grader. The last work by the parish grader was performed in November, 1967. The only other work or material furnished by the parish was performed about fifteen years back when a load of gravel was spread at the south gate.
The trial court held that Asa Nunez and his widow and children did not receive any benefit from the disputed road; that the maintenance of the road was for the benefit of plaintiff and the other users; that neither the defendants nor Mr. Asa Nunez requested any type of parish maintenance; but that the maintenance was with the approval and acquiescence of Mr. Nunez or the defendants. These factual determinations are well supported.
Defendants contend that it was not established that the parish road work was performed in three consecutive years, and that the work on the road by the parish amounted to nothing more than an occasional brushing of a pathway. It was argued that this was not a working or maintenance within the meaning of the statute as interpreted by Bordelon v. Heard, 33 So.2d 88 (La.App. 1 Cir. 1947).
*691 We know of no requirement that the maintenance be performed in three consecutive years. We distinguish the Bordelon case on the facts. There was only an occasional brushing up of the road in the Bordelon case and that was not performed for some twenty-five years before the suit was filed. 33 So.2d 88 at 92. Here although the maintenance by the police jury did not amount to a large outlay of labor or materials, the evidence shows that the parish contributed the major portion of the maintenance or working of the road for almost thirty years. This constitutes a working and maintenance of the road within the meaning of LSA-R.S. 48:491. Latour v. Dupuis, 164 So.2d 620 (La.App. 3 Cir. 1964); Curtis v. Goebel, 101 So.2d 462 (La.App. 1 Cir. 1958).
Irrespective of whether the landowner specifically requested or intended to dedicate as a public road that property included in the public roadway and maintained by public funds for far in excess of three years, the police jury's maintenance thereof for such a period without objection from the landowner results under the statute in the dedication of this travelway as a public road. Porter v. Huckabay, 221 La. 120, 58 So.2d 731 (1952); LeBoeuf v. Roux, 125 So.2d 444 (La.App. 3 Cir. 1960), and cases cited at 125 So.2d 446.
The contention that LSA-R.S. 48:491 as interpreted in this case, is unconstitutional was raised for the first time in an application for a new trial to the trial court. Defendants' answer to the suit did not affirmatively raise the defense of the unconstitutionality of the statute.
The unconstitutionality of a statute is an affirmative defense and must be specifically pleaded. Stoval v. City of Monroe, 199 La. 195, 5 So.2d 547 (1941); State v. Great Atlantic & Pacific Tea Co., 190 La. 925, 183 So. 219 (1938), certiorari denied, 305 U.S. 637, 59 S.Ct. 108, 83 L.Ed. 410 (1938). Since the issue was not raised in the pleadings we will not consider it.
The judgment of the trial court is affirmed. Costs are assessed to defendants appellants.
Affirmed.
NOTES
[1] The cited statute provides:

"All roads or streets in this state that * * * have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. * * *"