582 So.2d 975 (1991)
Alexander A. MORET and Anthony E. Moret
v.
Abraham WILLIAMS and Lorraine Williams.
No. 90 CA 0545.
Court of Appeal of Louisiana, First Circuit.
June 27, 1991.
*976 Edward J. Deano, Jr., Mandeville, for defendants-appellant.
Peter S. Title, New Orleans, for plaintiffs-appellee.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
On January 4, 1988, Alexander A. Moret and Anthony E. Moret sued Abraham and Lorraine Williams seeking to enjoin them from using a road across plaintiffs' property. Despite defendants' plea that the road is a public road pursuant to LSA-R.S. 48:491, the trial court rendered judgment in favor of plaintiffs. We affirm.
Alexander A. Moret and his son, Anthony E. Moret, bought a piece of wooded land outside of Lacombe, Louisiana, on February 15, 1969. A survey attached to the act of sale and recorded in the conveyance records of St. Tammany Parish does not show a road on the property. The property is a mere 320 feet in depth, and consequently that footage is the extent of the road in question. Access to plaintiffs' property is through a public road, Cousin Drive, which was built in the early 1970s; Cousin Drive connects to La. Hwy. 434.
The plaintiffs are residents of Orleans Parish, and they visited the property only about every two to three months. Both plaintiffs, father and son, testified at trial that at the time they bought the property it was impossible to drive through the property because there was no road. But there was an old, unoccupied house or shack on neighboring property to the rear of the Moret tract. Some time after their purchase, the old house was rented, and tenants would walk through plaintiffs' property to get to the property in the rear.
The Morets testified that there was no problem with the property until 1981, when they noticed some trees being cut in the rear. They could not discover who was responsible for the cutting. A short time later, they found that a winding road with fresh gravel had been built from Cousin Drive to the rear of their property. Despite inquiries, they did not find out who built the road.
From that time forward the plaintiffs engaged in a series of inquiries and protests in an attempt to block traffic on the road. They called the sheriff's office and also spoke with a Justice of the Peace. They had pipes embedded across the roadway so that a vehicle could not pass; the pipes were removed by someone unknown to the plaintiffs. Later they spoke to a police juror, a parish inspector, and another Justice of the Peace. The plaintiffs had a tree felled to block the road, but the tree was removed by others.
Meanwhile the defendants, Mr. and Mrs. Williams, owned the land adjacent to the Moret tract, at the corner of Cousin Drive and La. Hwy. 434. Approximately a year and a half prior to trial, Mr. and Mrs. Williams bought the property to the rear of plaintiffs' property and thus became owners of the old house previously mentioned. About that time the Morets began to notice a pile of debris accumulating in front of the old house on the Williams property.
The trial court heard the testimony of Mr. Williams, as well as that of two other *977 witnesses for the defense. The first was Shannon Davis who took office as a police juror in April of 1976. He testified that the "road" was impassable in 1976. At the request of the person living in the old house to the rear of the Moret property, the police juror sent a bulldozer in and also had gravel put on the road. He stated that after that the police jury maintained the road.
The second witness for the defense was James B. Smith, who was a road maintenance foreman in Mr. Davis's jurisdiction. In June of 1980, Mr. Smith took office as a police juror for the same ward. He verified Mr. Davis's testimony and stated that during his own term of office the maintenance of the road remained the same as during the previous administration.
Despite the testimony concerning maintenance, the photographs entered into evidence by the plaintiffs show a winding road that appears to be little more than a dirt and gravel driveway. Its appearance is consistent with the proof at trial that the only "public" use of the road was by persons who traveled from Cousins Drive to the old house on what is now the Williams property at the rear of the Moret tract. There was no proof whatsoever that the plaintiffs used the road for any purpose or acquiesced in the public maintenance of the road.
The applicable statute is LSA-R.S. 48:491. In 1981, when the plaintiffs first noticed the road, the statute provided that all roads which have been maintained for a period of three years by authority of a parish governing authority within its parish are public roads.[1] In applying the statute the courts have consistently required that the landowner have actual or constructive knowledge of the maintenance performed before the court will declare the road to be public.
The formation of a public road pursuant to LSA-R.S. 48:491 is called "tacit dedication." A two-pronged burden of proof exists under the statute. Garner v. Waddill, 421 So.2d 1144 (La.App. 2d Cir. 1982). First, it must be shown that there has been sufficient maintenance; second, it must be shown that the landowner had knowledge of or acquiesced in the public maintenance. Garner v. Waddill, supra; Vermilion Parish Police Jury v. Landry, 485 So.2d 253 (La.App. 3d Cir.1986). The legislative intent of the statute cannot be thwarted simply by a landowner's denial of knowledge of public maintenance, but the totality of the evidence must be examined to determine if the landowner acquiesced in the maintenance. Garner v. Waddill, supra. When the landowner has actual or constructive knowledge of maintenance by the governing body, acquiescence in the maintenance can be inferred from the absence of protest by the landowner. See Vaughn v. Williams, 345 So.2d 1195 (La. App. 2d Cir.), writ denied, 350 So.2d 896 (La.1977).
The underlying rationale of LSA-R.S. 48:491 is protection of the public fisc, guarding against the use of public monies for the benefit of private landowners. The expenditure of public funds is a factual matter to be determined on a case by case basis. See Porter v. Huckabay, 221 La. 120, 58 So.2d 731 (1952), (plantation road on defendant's property was public because substantial public funds to maintain it were expended with the full approval of the owner.) In the instant case the trial judge expressed his concern over the fact that parish equipment and materials had been used to improve the road in question merely to allow the tenant access to his residence. The obvious distinction between Porter and the instant case is that the beneficiary of the maintenance with public funds was not the landowner but was either the tenant or the neighboring landowner and the landowner should not be penalized by forfeiture of his property.
*978 Accordingly, we find no error in the trial court's rejection of the defense that the road is public. We affirm the judgment of the trial court, assessing costs of this appeal against the appellants.
AFFIRMED.
NOTES
[1] In 1984 the statute was amended to provide for a notice to landowners which would create a conclusive presumption of knowledge of the maintenance. However, the legislation specifically provides that the amendment does not apply to roads which were maintained previous to 1984. Consequently, the lack of a notice to the landowner by the police jury is immaterial under the instant facts.