i «McClendon, j.
By this appeal, the City of Baton Rouge, Parish of East Baton Rouge (“City-Parish”) challenges the trial court’s determination that its rights with respect to a certain section of Ward’s Creek are limited to a servitude of drainage. For the following reasons, we affirm the judgment of the trial court.
On August 3, 1956, Howard and Eleanor Witter granted the City-Parish a “right-of-way for drainage and drainage maintenance purposes” over a certain section of property located in the Third Ward of the Parish of East Baton Rouge in Sections 91, 92, and 93, Township 7 South, Range East (hereinafter referred to as the “Ward’s Creek Righi^of-Way”). In the agreement (hereinafter referred to as the “Witter Agreement”), the property was described as follows:
... said fractional tract or parcel containing 39.6 acres, more or less, being 250 feet in width and following the meandering line of Ward’s Creek, and being taken from the property being designated “Mrs. Eleanor C. Witter”, all of which is more particularly shown as the yellow shaded area on the plat made by the Department of Public Works, City of Baton Rouge and Parish of East Baton Rouge, Louisiana, signed by E.E. Evans, Engineer, dated December 4, 1953, designated Plat # 1, a copy of which is attached hereto and made a part hereof.
The Witter Agreement provided that the location of Ward’s Creek depicted on the plat was determined from recent aerial photographs. The plat did not reference metes and bounds. The Witter Agreement further provided, in part:
It is understood between the parties that this agreement does not convey to the City of Baton Rouge and the Parish of East Baton Rouge any fee title or ownership of the land, the Grantor retaining such ownership of fee title but agreeing hereby that the City and Parish shall have a servitude of right-of-way for drainage purposes over and across the above described property to construct and maintain a canal or canals in accordance with their specifications.
1 ¡¡Pursuant to this clause, the City-Parish conducted construction on the Wards Creek RighL-of-Way, which it completed in 1964.
On April 27, 1994, Phillips Connell Witter, successor in title to the Witters, sold to 5615 Associates, L.L.C. a 34.26-acre tract of land, located in Section 93, Township 7 South, Range 1 East, in East Baton Rouge Parish (hereinafter referred to as the “Subject Property”). The Subject Property is located south of Corporate Boulevard and north of Interstate 10. To *1171 the east, it is bounded by Ward’s Creek. Subsequently, the City-Parish approved a flood mitigation plan that involved the removal of dirt from the Ward’s Creek Right-of-Way on the Subject Property for use as fill material on the tract, and 5615 Associates conducted flood mitigation on the Subject Property.
On November 6, 1995, 5615 Associates transferred the Subject Property to 6444 Associates, L.L.C. In August of 1996, 6444 Associates subdivided the Subject Property and, in connection with the subdivision, executed a dedication that read, in pertinent part:
The streets and Rights-of-Way, shown hereon, if not previously dedicated, are hereby dedicated to the perpetual use of the public for proper purposes. All areas shown as servitudes are granted to the public for use of utilities, drainage, sewage removal or other proper purposes for the general use of the public.
The map depicted a 250 foot drainage right-of-way at Ward’s Creek, 125 feet of which was shown to be on the Subject Property.
On August 13, 2001, 6444 Associates filed a petition for declaratory judgment, naming the City-Parish as defendant. By that action, 6444 Associates sought judgment, declaring that the City-Parish’s rights were limited to a drainage right-of-way.
I/The City-Parish answered the lawsuit and filed a reconventional demand, seeking a judgment declaring it holder of fee title to the right-of-way. After answering the reconventional demand, the plaintiff moved for summary judgment. The City-Parish responded with a cross-motion for summary judgment.
After hearing the cross-motions for summary judgment, the trial court rendered summary judgment in favor of 6444 Associates, declaring that it is the fee simple owner of that portion of the Ward’s Creek Right-of-Way that traverses the Subject Property, and that the rights of the City-Parish are limited to those of drainage and drainage purposes only. The trial court further denied the City-Parish’s cross-motion for summary judgment. The City-Parish appeals.
The grant of summary judgment is proper “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B). On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Sunrise Construction and Development Corp. v. Coast Waterworks, Inc., 00-0303 p. 4 (La.App. 1 Cir. 6/22/01), 806 So.2d 1, 3, writ denied, 01-2577 (La.1/11/02), 807 So.2d 235.
The following facts are undisputed. Pursuant to the Witter Agreement, in 1956, Howard and Eleanor Witter granted the City-Parish a drainage right-of-way 250 feet in width and “following the meandering line of Ward’s Creek” and retained ownership of the drainage right-of-way. Pursuant to that agreement, the City-Parish conducted excavation of Ward’s |RCreek, which it completed in 1964. As anticipated by the parties to the Witter Agreement, the excavation altered the location of the creek bottom. The flood mitigation work conducted in 1994 also resulted in the relocation of the creek bed. Since 1956, the City-Parish has utilized only the actual drainage right-of-way. It has used that strip of land only for drainage and drainage maintenance purposes.
The plat attached to the Witter Agreement depicts Ward’s Creek as a straight line. The subdivision map of 1996 depicts Ward’s Creek as a straight line, slightly to *1172 the west of the location shown on the map attached to the Witter Agreement. The creek meandered at the time the Witter Agreement was executed and continues to meander today. Therefore, the straight lines shown on the Witter map and the map of 1996 do not accurately depict the location of the creek bed.
Although the City-Parish admits in its brief that the actual location of the creek differs from that shown on the 1996 map, it avers that the right-of-way shown on the 1996 map constitutes the statutory dedication of a new right-of-way to the public use for “proper purposes,” expanding the City-Parish’s drainage rights.[2] We disagree. The dedicatory language contained in the 1996 subdivision map applies only to those right-of-ways “not previously dedicated.” The Ward’s Creek RighWof-Way was “previously dedicated” by virtue of the Witter Agreement. Because it was “previously dedicated,” the subsequent subdivision of the property did not effect the Ward’s Creek Right-of-Way. Therefore, the City-Parish did not gain a fee |fiinterest in the right-of-way by the subdivision of the Subject Property in 1996.
Furthermore, the placement of the Ward’s Creek on the 1996 map in a position slightly different from its placement on the Witter plat did not expand the City-Parish’s rights. Although a statutory dedication is properly gleaned from the instrument, the instrument must be given a rational construction. When a rational construction negates The intent of the subdividing landowner, the fact that a reference to the land appears on a map does not, of itself, effect a dedication to public use. Pioneer Production Corp. v. Segraves, 340 So.2d 270, 275 (La.1976); Hospital Service District No. 2 of the Parish of Lafourche v. Community Bank of Lafourche, 2000-1035 p. 6 (La.App. 1 Cir. 6/22/01), 790 So.2d 688, 693. Herein, the Ward’s Creek Righb-of-Way existed and was used by the City-Parish for forty years prior to the subdivision of the property in 1996. The subdivision map of 1996 refers to the area at dispute as “250 Ward Creek Drainage R/W.” The parties agree that the location of the right-of-way shown on that map differs from the actual location of the right-of-way. Considering the entirety of this situation, the filing of this map cannot reasonably be construed to have been intended to effect a dedication of this strip of land for public use. Therefore, we conclude that the Ward’s Creek right-of-way as depicted on the 1996 map is not subject to the fee-vesting effect of the statutory dedication.
Alternatively, the City-Parish directs this court to the Unified Development Code (“UDC”), an ordinance passed by the City-Parish that, in pertinent part, requires a subdivider to include certain dedication language on maps and plats. In relying on this ordinance, the City-Parish asserts that the dedicatory language on the map associated with the Witter Agreement 17does not comply with the requirements of the UDC. Therefore, the Witter Agreement did not constitute a valid grant of a right-of-way, the Ward’s Creek Righb-of-Way was not “previously dedicated,” and by the dedicatory language on the 1996 subdivision map, the City-Parish has fee title to that strip of land. We reject this argument. The provisions of the *1173 UDC on which the City-Parish relies were originally adopted and became effective on November 20, 1996, well after the grant of the right-of-way by the Witters. Therefore, they do not negate the effect of the grant of the right-of-way by the Witters. For the foregoing reasons, we conclude that the trial court did not err in granting summary judgment in favor of 6444 Associates.
Finally, in support of its position on appeal, 6444 Associates filed with this court a motion to take judicial notice or to supplement the record. Considering the above discussion, the motion is moot. Therefore, we will deny it.
Accordingly, the judgment of the trial court is affirmed, and the motion filed by 6444 Associates is denied. Costs, in the sum of $969.66, are assessed against the City-Parish.
JUDGMENT AFFIRMED; MOTION DENIED.

. In its brief, the City-Parish also relies on the dedicatory language contained in a map concerning the subdivision of property adjacent to the Subject Property in support of its position. However, the only issue properly raised before the trial court is the ownership of that part of the Ward's Creek Right-of-Way that is located on the property owned by 5615 Associates. Therefore, we decline to include in our discussion any reference to dedications involving other properties.