PETTIGREW, J.
|2Plaintiffs-appellants[1] (hereinafter collectively referred to as the Scotts) appeal from the trial court’s judgment in favor of *768 defendants-appellees[2] dismissing their petition for a predial servitude of right of passage and writ of mandamus. For the reasons that follow, we affirm the judgment of the trial court.
The Scotts are owners of tracts of adjoining immovable, agricultural property-situated in Sections 58 and 59 of Township 6 South, Range 9 East, of Pointe Coupee Parish, located between Bayou Shallow on their East boundaries and Bayou Marin-gouin on their West boundaries. In their original and subsequent amending petitions, the Scotts made various claims in an attempt to obtain a predial servitude across property owned by the Chustz, Mi-letello, and Gravois defendants. The Scotts’ initial argument was that they were the owners of an enclosed estate and, thus, entitled to a servitude to the nearest public road, which was claimed by the Scotts to be Gravois Lane. The Scotts further claimed that they were entitled to a servitude because a “road” that they claimed existed along the bank of Bayou Marin-gouin had become a public road based upon a tacit dedication as a public servitude due to public maintenance under La. R.S. 48:491.[3] Finally, the Scotts asserted that because Bayou Maringouin was a navigable waterway, La. |;iCiv.Code art. 665 conferred upon them a riparian servitude of passage across the Chustz and Miletello properties.[4]
The matter proceeded to a bench trial on April 12, 2012, following which the trial court took the matter under advisement On June 1, 2012, the trial court issued written reasons for judgment in favor of the defendants, concluding that the Scotts had failed to establish by a preponderance of the evidence that Bayou Maringouin was navigable in fact. The trial court further found that the Scotts’ evidence concerning whether the alleged road along Bayou Maringouin was private or public was not sufficient to establish the road as public through tacit dedication pursuant to La. R.S. 48:491. The trial court signed a judgment on June 13, 2012, in accordance with its findings. It is from this judgment that the Scotts have appealed, assigning the following specifications of error for our review:
1. The Trial Court erred when it found that [plaintiffs] failed to prove by a preponderance of evidence that Bayou Mar-ingouin was navigable in fact.
2. The Trial Court erred when it applied an incorrect evidentiary standard to plaintiffs’ burden of proof with respect to establishing the navigability in fact of Bayou Maringouin.
3. The Trial Court erred when it concluded that proof of navigability based on old U.S. surveys is only relevant to a *769 claim of ownership of the stream, not its navigability.
4. The Trial Court erred when it concluded that the present depth of Bayou Maringouin (6") at and around the property in question was relevant to the determination of its navigability.
During the trial on April 12, 2012, the trial court heard testimony concerning the navigability of Bayou Marin-gouin and whether there was ever a public road along the bank of Bayou Maringouin. After considering all of the evidence before it, the trial court found, as argued by the defendants in their post-trial memoranda, that the Scotts had failed to prove that Bayou Maringouin was navigable in fact, and thus a finding of navigability in law was precluded. The trial court further concluded that the alleged road 14along the bank of Bayou Maringouin, if one ever existed, “was more akin to a headland used for agricultural purposes and not a road for use by the public.” In dismissing the Scotts’ petition and writ of mandamus, the trial court offered the following written reasons for judgment:
The Court hereby finds, for reasons stated more specifically in [defendants’] post trial memorandum which the Court adopts herein by reference that the Plaintiffs have failed to establish by a preponderance of the evidence that Bayou Maringouin is navigable in fact. As pointed out in [Plaintiffs’] post trial memorandum, in Louisiana, a body of water is navigable in law if it is navigable in fact. Navigability is not presumed. Rather it is a burden to be carried by the party asserting navigability, here the Plaintiffs. The factual question turns on whether the evidence shows a body of water to be suitable by its depth, width, and location for commerce.[5] At trial of this matter, testimony was heard and evidence was submitted regarding the alleged navigability of Bayou Maringouin near the property in question. Although Counsel for Plaintiffs submitted evidence from Mr. William Decker, regarding the State of Louisiana’s historical claim to the water bottom of Bayou Maringouin in the affected area of concern in this litigation, as pointed out by Defense counsel, proof of navigability based on old U.S. surveys is only relevant to a claim of ownership of the stream, not navigability, in short, a claim of ownership does not establish a finding of navigability. Furthermore, [Plaintiffs’] expert witness, Mr. George Castille’s testimony as to his own measurements of the depth of the [bayou] at various points and his self satisfaction that the bayou still carried water and retained its character as a navigable body of water was rebutted by demonstrative as well as testimonial evidence submitted by the Defense in the form of pictures and testimony which established that at and around the property in question, [Bayou Maringouin’s] depth was merely six inches at most. Because of [Plaintiffs’] onerous burden regarding proof of navigability and the credible demonstrative and testimonial evidence submitted in opposition to the [bayou’s] ability to sustain commerce in its ordinary state, specifically where it adjoins the plaintiffs and the property owner defendants, the Court hereby finds Bay *770 ou Maringouin is not navigable in fact and thus a finding of navigability in law is precluded.
The Plaintiffs also contend that they are entitled to the use of a road running across [Defendants’] property, which road they suggest should be characterized as public by virtue of maintenance performed thereon by the Pointe Cou-pee Parish Police Jury in years past. [Plaintiffs’] reliance is based on La. R.S. 48:491 which allows for the dedication of a road as a public road when it is proven that a municipality or governing authority has maintained or otherwise kept up the road for a period of three years. Whether a road is private or public is a factual determination for the Court to make. As was the case regarding navigability, the Plaintiff | ¿carries the burden of proof by a preponderance of the evidence on this issue.
Only the [Plaintiffs] and Mr. Carter Smith claimed that a road ever existed. Although there was testimony elicited that at some point in the past a truck or vehicle may have run over this road occasionally, [Plaintiffs’] expert surveyor only found some remnants of gravel approximately 100 feet from Gravois Lane, and no evidence of a road near the [Plaintiffs’/Defendants’] property. Testimony given by Mrs. Crousillac, one of the defendants, as well as her husband and all other defendants said that there was no road along the bayou and that no one had crossed their land from the Scott property during the time of owning their respective properties. Based on the evidence and testimony, it is the [Court’s] opinion that the alleged road, if ever one existed, was more akin to a headland used for agricultural purposes and not a road for use by the public. Furthermore, the evidence at trial was scant at best as to any public body performing the necessary, maintenance on the strip of ground sufficient to transform the strip of ground into a public road under the relevant statute. [Plaintiffs’] only evidence of maintenance of any type that took place near the property was the testimony of a former employee of the parish police jury who testified that he cut branches in the area near the strip of property sometime in the early [1980s]. Another employee testified he placed gravel near the area one time. However, all of the defendants claimed no knowledge of public maintenance and the Police Jury representatives denied any public maintenance of any sort. Even in the light most favorable to the plaintiffs, the only evidence presented was that the Police Jury may have occasionally “brushed up” the area in question, which this Court believes is far from sufficient to establish a consistent pattern of maintenance envisioned by the statute and necessary to establish the road as public through tacit dedication.
Finally, because this Court finds the maintenance performed on the land in question insufficient to establish dedication as a public road, the issue as to prescription of non-use of the road is moot.
The [Plaintiffs’] suit is dismissed along with the writ of mandamus at [Plaintiffs’] Cost.
It is well-settled that a reviewing court may not disturb the factual findings of the trier of fact in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). In Arcen-eaux, the Louisiana Supreme Court set forth a two-part test for the appellate review of facts: (1) the appellate coui’t must find from the record that there is a reasonable factual basis for the finding of the trial court, and (2) the appellate court *771 must further determine that the record establishes the finding is not clearly wrong or manifestly erroneous. Arceneaux, 365 So.2d at 1333. Under the manifest error-clearly wrong standard, the reviewing court does not decide whether the trier of fact was right or wrong but | (¡whether the fact finder’s conclusion was a reasonable one. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993).
In reviewing this matter, we find the trial court very closely and carefully considered all of the evidence presented. Likewise, we have thoroughly reviewed the documentary evidence and applicable law and find that the record does hot demonstrate that the decision of the trial court was manifestly erroneous. We conclude that the evidence in the record reasonably supports a finding that the Scotts failed in their burden of proving the navigability of Bayou Maringouin and that the alleged road along the bank of Bayou Maringouin, if one ever existed, was not a road for use by the public. Not only is the evidence overwhelmingly in support of the trial court’s conclusion, but also the trial court’s reasonable evaluations of credibility and reasonable inferences of fact must be afforded great deference. The trial court did not err in dismissing the Scotts’ petition for predial servitude of right of passage and writ of mandamus. The Scotts’ arguments on appeal to the contrary are without merit. The June 13, 2012 judgment of the trial court is affirmed. All costs associated with this appeal are assessed against plaintiffs-appellants.
AFFIRMED.

. In an original and first amending petition, the plaintiffs were identified as follows: Leonard C. Scott, Jr., Sheryl M. Scott, and Clara Berrard Scott (deceased); Julia M. Scott Carnes; Benjamin Scott as Trustee of the Ruby Donald Trust, the Testamentary Executor of the Succession of Agnes Scott Bell, and the Trustee of The Scott Family Revocable Living Trust, a California Trust, successor in interest to The Benjamin Scott Revocable Trust; Michael G. McMillan; and Olivia Scott McMillan. Moreover, Diversified Property Holdings, L.L.C. intervened into the proceedings, aligning itself with the rights and interests of the Succession of Agnes Scott Bell.

. The following defendants were named: Leroy J. Chustz, Jr., Patricia Connell Chustz, Myrtle Brown Chustz; Anthony “Tony” Mile-tello, Sr., Lucille Miletello Crousillac, Johnny Paul Miletello, Anthony Miletello, Jr.; Claude T. Gravois, Jr.; and the Pointe Coupee Parish Police Jury.

. Louisiana Revised Statutes 48:491 provides, in pertinent part, as follows:
B. (l)(a) All roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property.

.Article 665 provides, in pertinent part, as follows: "Servitudes imposed for the public or common utility relate to the space which is to be left for the public use by the adjacent proprietors on the shores of navigable rivers and for the making and repairing of levees, roads, and other public or common works.”

5. “In Louisiana, waterways are navigable in law when they are used or susceptible of being used in their natural and ordinary condition as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on the water.. Simply stated, a water course is navigable when by its depth, width, and location it is rendered available for commerce.” Dunaway v. Louisiana Wildlife and Fisheries Com’n, 2008-1494, p. 5 (La.App. 1 Cir. 2/13/09), 6 So.3d 228, 232 (citations omitted).