CHAISSON, J.
In this case arising from a property dispute in Vacherie, Louisiana, Sterling *920 James, Sr.[1] , appeals a March 9, 2018 judgment of the trial court in favor of Parish of St. James ("the Parish") and St. James Parish School Board ("the School Board"). For the following reasons, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On May 24, 2017, the Parish and the School Board filed a petition for declaratory judgment and for temporary restraining order, preliminary and permanent injunctions against Mr. James and other landowners in which they alleged that the Parish and the School Board had for more than twenty-two years been collectively maintaining, as a public road, a limestone bus turnaround at the end of a paved street commonly known as Ash Street. The Parish and the School Board aver that the initial construction of the extension of Ash Street, which was accomplished entirely and exclusively by Parish personnel using Parish labor, material, and machinery, in order that school buses could safely traverse the property, and the continued maintenance of the roadway, satisfies the requirements of La. R.S. 48:491 as a tacit dedication of the road to the Parish for public use.
In response to this petition, Sterling James, Sr., Agnes James-Harris, and the Estate of Joseph James ("the James Family") filed an answer and reconventional demand in which they argued that at no time did they give the Parish or the School Board permission to use their property as a roadway and that the Parish's and the School Board's use of the roadway was an illegal taking under the law.[2] The James family sought damages for tortious interference with the peaceful possession of their property. The Parish and the School Board answered by denying these allegations and asserting affirmative defenses.
Prior to the trial, the Parish and the School Board filed a peremptory exception of prescription to the James Family's reconventional demand. At the movers' request, this exception was taken under advisement by the trial court after all evidence had been submitted at trial.
Following a two-day bench trial, during which the court heard testimony from multiple witnesses and admitted into evidence work orders, photos, maps, surveys, letters, and other property instruments, the trial court, on March 9, 2018, rendered judgment with detailed written reasons in which it found that the gravel portion of Ash Street at issue was tacitly dedicated to the Parish and the School Board pursuant to La. R.S. 48:491. The trial court also found any trespassing claims by the James Family against the Parish and the School Board to be moot based on its ruling of tacit dedication. A motion for new trial filed by the James Family was denied. Sterling James, Sr. filed and was granted a motion for devolutive appeal.
LAW AND DISCUSSION
A trial court's finding that a road has been tacitly dedicated for public use is a finding of fact that an appellate court may not set aside in the absence of manifest error or unless it is clearly wrong. Braxton v. Guillory , 98-379 (La. App. 3 Cir. 10/28/98), 721 So.2d 114, 117 ; Scott v. Chustz , 13-0610 (La. App. 1 Cir. 11/1/13), 135 So.3d 766, 770, writ denied , *921 13-2787 (La. 2/14/14), 132 So.3d 965 ; Jefferson Davis Par. Sch. Bd. v. Fontenot , 505 So.2d 955 (La. App. 3rd Cir. 4/8/87), writ denied , 511 So.2d 1154 (La. 1987). Under the manifest error standard, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State through Dep't of Transp. & Dev. , 617 So.2d 880, 882 (La. 1993). Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Id. Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Id.
La. R.S. 48:491 sets forth the law on dedication of public roads. It states in pertinent part:
B. (1)(a) All roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property.
(b) Actual or constructive knowledge is presumed if prior to or during the work the public body notifies the last known adjoining landowners of same by written notice by certified or registered mail, return receipt requested. When such notice is given more than two years and ten months from commencement of such work, it shall suspend the foregoing prescription for sixty days.
(c) Actual or constructive knowledge is conclusively presumed within all parishes and municipalities, except as otherwise provided by R.S. 48:491(B)(3), if the total period of such maintenance is four years or more, unless prior thereto and within sixty days of such actual or constructive knowledge, the prescription is interrupted or suspended in any manner provided by law.
This statute requires that the party seeking to prove that a public road has been dedicated must show that there has been sufficient maintenance and that the landowner had knowledge of or acquiesced in the public maintenance. Himel v. Bourque , 14-1811 (La. App. 1 Cir. 12/11/15), 185 So.3d 42, 47. Tacit dedication does not require the intent of the landowner to dedicate the property when there has been sufficient maintenance without protest. Id. If the total period of such maintenance is four years or more, actual or constructive knowledge is conclusively presumed. La. R.S. 48:491.
On appeal, Mr. James argues that these requirements of tacit dedication have not been met. He argues that the landowners were never given proper notice, that the Parish only fleetingly maintained a gravel bus turnaround on the property of a neighbor and not that of the James Family, and that any maintenance that was attempted on the James's property was not peaceable or without objection from the James Family.[3]
At trial, the Parish and the School Board introduced evidence that Mr. James had knowledge of and acquiesced to the maintenance being performed by the Parish and the School Board on the gravel portion of Ash Street in question: Parish employees testified that they had conversations *922 with Mr. James over the years while performing maintenance on the disputed portion of the roadway; a 2012 act of sale signed by Mr. James for a second tract of property references the property being located along Ash Street; a letter dated March 30, 2010, was sent by the Parish to Mr. James which made known to Mr. James the Parish's commitment to maintain the rear portion of Ash Street to provide safe access and public use; neighbors and nearby residents testified that the Parish had continuously maintained the roadway and that Parish equipment was frequently seen there; various witnesses testified that the road in question was used by school buses, mail carriers, trash collectors, and residents living nearby. Additionally, Mr. James himself testified that he gave the Parish permission to place a bus turnaround on his property when he was initially approached with the request to place it there.
Evidence was also introduced pertaining to the sufficiency of the maintenance performed by the Parish and the School Board: work orders dating back to 1993 showed public requests to maintain Ash Street; Parish employees who performed the maintenance testified as to the scope of these work orders, which included maintenance of the gravel portion of the road located on the James Family properties over many years.
Members of the James Family, including Sterling James, Sr., testified that they never (or only rarely) saw parish employees maintaining the gravel portion of the road. Mr. James also testified that he told parish employees four or five times to get off of his property.
It is clear from the trial court's detailed written reasons for judgment that it carefully considered all the evidence introduced at trial before finding that the gravel portion of Ash Street at issue in this case had been tacitly dedicated to the Parish and the School Board pursuant to La. R.S. 48:491. It specifically found that the evidence shows that the Parish and the School Board maintained the gravel portion of the road for a period of more than three years and that the actual or constructive knowledge of the landowners is conclusively presumed because the total period of such maintenance is in excess of four years. Upon our review of the record, we find no manifest error in the trial court's findings of fact. Accordingly, we affirm the judgment of the trial court.
AFFIRMED

Briefs and other motions filed in this Court purport to be on behalf of both Sterling James, Sr. and the Estate of Joseph James; however, the trial court's May 8, 2018 order of appeal grants a devolutive appeal only to Sterling James, Sr.

In their reconventional demand, the James Family also names as a defendant Martin Reulet, who was also named as a defendant in the Parish and School Board's petition. These claims are not before us in this appeal.

Mr. James makes no argument on appeal concerning the trial court's determination on the exception of prescription filed by the Parish and the School Board.